ZHI FANG CHEN, a.k.a. Zhifang
Zcang–Chen, Petitioner,

v.

BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICES,
Respondent.

No. 05–6012–ag.

United States Court of Appeals,
Second Circuit.

June 30, 2006.

Lorence Hockert, New York, NY, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, Melanie R. Hallums, Edward Scarvalone, Assistant United States Attorneys, New York, NY, for Respondent.

PRESENT: RALPH K. WINTER, B.D. PARKER and REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Zhifang Zcang–Chen, through counsel, petitions for review of the BIA's denial of his motion to reopen his removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found only where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.; Ke Zhen Zhao v. DOJ*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). To the extent the BIA found that (1) petitioner's motion was untimely and (2) no regular exception to the motion filing deadline was evident in the record, it did not abuse its discretion.

The BIA, however, enjoys broad discretion to reopen a case under its own motion for "exceptional" situations. *See* 8 C.F.R. § 1003.2(a); *Matter of J–J–*, 21 I. & N. Dec. 976, 1997 WL 434418 (BIA 1997). Although this court lacks jurisdiction to review the BIA's discretionary decision not to invoke its *sua sponte* authority, *see Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006), in this case, it is not clear whether its decision denying *sua sponte* reopening is based on its conclusion that petitioner's situation presents no exceptional circumstances. Plainly, if Zcang–Chen had established a regular exception to the filing deadline, consideration of whether he presented an exceptional situation would have been unnecessary because the BIA would already have been obligated to reopen his case.

Accordingly, Zcang–Chen's petition for review is GRANTED, the BIA's decision is VACATED and the case is REMANDED to the BIA to permit it to consider and clarify whether Zcang–Chen presented an exceptional situation supporting a *sua*

*sponte* reopening of his removal proceedings. Having completed our review, we stay Zcang–Chen's removal from the United States until the BIA issues a final decision in his case. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).